# Exhibit 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| SCOTTY McCOLLUM  )<br>)<br>PLAINTIFF  )<br>)<br>v.  )<br>)<br>JACOBS ENGINEERING GROUP, INC., and  )<br>JACOBS PROJECT MANAGEMENT CO.  )<br>)<br>DEFENDANTS  ) | NO. 5:11-CV-177-DCB-RHW |

## EXPERT REPORT OF RALPH C. NASH, JR.
### February 1, 2013

I have been retained by Taylor Law Partners, LLP, to review materials, consult, and to provide expert opinions. My expertise is in the field of government contract administration. This report has been prepared and is submitted as a preliminary expert report pursuant to Fed.R.Civ.P. Rule 26(a)(2)(B), with regard to the captioned matter.

1. **Qualifications.** A copy of my most recent curriculum vitae is attached hereto as Exhibit "A," and includes my list of publications.

2. **Prior Testimony.** A list of other cases in which I have testified as an expert at trial or by deposition, covering a period of at least the last four years, is attached hereto as Exhibit "B."

3. **Compensation.** I am being compensated for my work in this matter at the hourly rate of $650.00 per hour.

4. **Materials Reviewed.** At the time of my engagement to work on this matter I was provided with certain facts, documents, data, and other information, which I have considered in

forming my opinions (collectively the "Materials Reviewed"). A list of the Materials Reviewed is attached hereto as Exhibit "C."

5. **Opinions.** My present opinions, as listed below, are based on the Materials Reviewed, and are expressed based on my education, training, and experience, as generally described and set forth in my curriculum vitae. I wish to state that I have been informed that discovery in this matter has only recently commenced. Moreover, no deposition transcripts are available for my review. The preliminary nature of discovery to date limits my ability to be more specific and/or complete in my opinions. I expressly reserve the right to revise, correct, and/or supplement my opinions based on the availability of additional information, documents, and testimony. With that preface, my opinions at this time are as follows:

A. Based on my expertise in the area of government contract administration, I am knowledgeable as to the applicable federal laws, rules, and regulations which pertain to contracting with the United States Government for the construction of federal buildings and other projects. I am also familiar and knowledgeable as to the construction contracting trade industry, and its customs, protocols, and standards. I have been asked to provide informational background testimony to acquaint the fact finder with such matters as may be pertinent to the issues in this case.

B. It is my opinion, that the construction contract entered into by the United States Federal Bureau of Prisons ("BOP") for the construction of a correctional facility in Aliceville, Alabama (the "Construction Project"), would be subject to compliance and conformity with federal law, rules, and regulations. More specifically, the Construction Project would be subject to and performed in accordance with the Federal Acquisition Regulation, as issued by the United States General Services Administration, codified at

48 C.F.R. §1, et seq. (hereafter the "FAR"). It is my further opinion, that FAR 43.204(b)(4) required the BOP to make a cost analysis prior to the negotiation of the price of any change that was issued on the Construction Project. Such cost analysis was to be accomplished in accordance with FAR 15.404-1(c) which includes the requirement for an Independent Government Estimate ("IGE"). The BOP followed these regulations in an exemplary fashion by requiring its Construction Manager, Jacobs Project Management Co., to make an IGE on each change order. A thorough and complete IGE was particularly necessary in this case because the contract for the Construction Project was a design-build contract where the contractor bore the risk of faulty design and the specifications were quite general in nature – with the result that a change could only occur, and the contractor be entitled to an increased price, if the change altered the basic requirements of the contract.

C.  In my opinion, any efforts or demands by any employee of the BOP to circumvent the requirements of the IGE process as adopted by the BOP would be a violation of these FAR procedures. In my opinion, examples of demands and "coercive" tactics as attributed by Mr. McCollum to Darrell Hainline, a BOP employee, in the "fixing" of the IGE price, would be a violation of the FAR. To be clear, I do not express an opinion, one way or the other, as to whether Mr. Hainline or any other employee of the BOP made any such demands or took any such coercive actions. Nor do I express an opinion, one way or the other, as to whether Mr. Hainline or any other employee of the BOP violated the FAR, or any other law or regulation. My only opinion is that if Mr. McCollum's allegations, as set forth in his complaint, are determined to be true, then the same would be in violation of federal contract administration law as I have described.

D.  In my opinion, a contractor, such as Jacobs, that conspires to violate these FAR procedures, would be potentially liable for the violation of the False Claims Act, if such conspiracy resulted in the submission of a claim for payment to the United States under false pretenses. To be clear, I do not have an opinion, one way or the other, that employees of the BOP, or of Jacobs, has entered into such a conspiracy or is otherwise liable under the False Claims Act. Moreover, I do not intend to testify to any such opinion. Rather, my opinion is limited to the general proposition that a conspiracy to violate the FAR in order to obtain payment from the United States under false pretenses would subject a contractor to potential liability under the False Claims Act.

E.  In my opinion, reputable construction contractors and consultants who regularly perform construction or construction consulting services on federal construction projects, know, or should know, recognize, and understand, that any alleged conspiracy to violate the FAR, if such allegations were proven to be true, could result in potential liability under the False Claims Act. Again, it is not my opinion that Jacobs, or any other person or entity was aware of any such allegations. I have no present knowledge on which to base that opinion. Rather, my opinion is limited in scope that a reputable company with experience in this industry would know and understand that the types of allegations as alleged in Mr. McCollum's Complaint would, potentially, subject them to liability under the False Claims Act.

F.  I specifically and expressly reserve the right to revise, change, and/or supplement my opinions as set forth above, in the event that I am provided with any further information, documents, or testimony.

G. I have not prepared or performed any studies or exhibits at this time for purposes of summarizing my opinions, but I would reserve the right to do so.

## SIGNATURE PAGE

I, Ralph Nash, hereby submit the above and foregoing expert witness report on this 1st day of February, 2013.

*Ralph Nash* (signature)

Ralph Nash

# EXHIBIT "A"

## RALPH C. NASH, JR.

Ralph C. Nash, Jr., is Professor Emeritus of Law of The George Washington University, Washington, D.C., from which he retired in 1993. He founded the Government Contracts Program of the university's National Law Center in 1960, was Director of the Program from 1960 to 1966 and from 1979 to 1984, and continues to be actively involved in the Program. He was Associate Dean for Graduate Studies, Research and Projects, of the Law Center from 1966 to 1972.

Professor Nash has specialized in the area of Government Procurement Law. He worked for the Navy Department as a contract negotiator from 1953 to 1959, and for the American Machine and Foundry Company as Assistant Manager of Contracts and Counsel during 1959 and 1960.

He graduated *magna cum laude* with an A.B. degree from Princeton University in 1953, and earned his Juris Doctor degree from The George Washington University Law School in 1957. He is a member of Phi Beta Kappa, Phi Alpha Delta, and the Order of the Coif.

Professor Nash is active as a consultant for government agencies, private corporations, and law firms on government contract matters. In recent years, he has served widely as neutral advisor or mediator/arbitrator in alternate dispute resolution proceedings. He is active in the Public Contracts Section of the American Bar Association, is a member of the Procurement Round Table, and is a Fellow and serves on the Board of Advisors of the National Contract Management Association.

During the 1990s, Professor Nash was active in the field of acquisition reform. He served on the "Section 800 Panel" that recommended revisions to all laws affecting Department of Defense procurement, the Defense Science Board Task Force on Defense Acquisition Reform, and the Blue Ribbon Panel of the Federal Aviation Administration.

He is the coauthor of a casebook, *Federal Procurement Law* (3d ed., Volume I, 1977, and Volume II, 1980) with John Cibinic, Jr. He and Professor Cibinic also coauthored five textbooks: *Formation of Government Contracts* (4th ed. 2011) (With Chris Yukins), *Administration of Government Contracts* (4th ed. 2006) (with James Nagle), *Cost Reimbursement Contracting* (3d ed. 2004), *Government Contract Claims* (1981) and *Competitive Negotiation: The Source Selection Process* (3d ed. 2011) (with Karen O'Brien-DeBakey), coauthor with Leonard Rawicz of the textbook *Patents and Technical Data* (1983), the three volume compendium, *Intellectual Property in Government Contracts* (5th ed. 2001), and the two volume, *Intellectual Property in Government Contracts* (6th ed. 2008); coauthor with seven other authors of the textbook *Construction Contracting* (1991), coauthor with Steven Feldman of *Government Contract Changes* (3d ed. 2007), and coauthor with Steven L. Schooner, Karen O'Brien and Vernon Edwards of *The Government Contracts Reference Book* (3d ed. 2007). He has written several monographs for The George Washington University Government Contracts Program monograph series, and has published articles in various law reviews and journals. Since

1987 he has been coauthor of a monthly analytical report on government contract issues, *The Nash & Cibinic Report*.

# EXHIBIT "B"

List of Cases For Which Ralph C. Nash, Jr.
Was Deposed Or Testified In The Last Four Years

## 2008

1. Ebus v. Professional Contract Administrators, Arbitration Hearing (Contact: Marcos Hasbun, Zuckerman Spaeder, LLP, Tampa, Fla.)

2. HiTech Bed Systems Corp. v. KLN Steel Products Co., N.D. Ill., Civil Action, Deposition (Contact: Phillip Nicholas, Anthony, Nicholas, Tangeman & Yates, LLC, Laramie, WY)

## 2009

3. Herley Industries, Inc. Security Litigation, E.D. Pa., Civil Action, Deposition (Contact: Evan Lechtman, Blank & Rome, Philadelphia, Pa.)

## 2010

4. Modular Devices, Inc. v. Brookhaven Science Associates, LLC, E.D.N.Y., Civil Action, Deposition (Contact: Paul Esatto, Scully, Scott, Murphy & Presser, Garden City, N.Y.)

5. Fisher v. Halliburton, S.D. Tex., Civil Action, Deposition (Contact: Ramon Lopez, Lopez McHugh, LLP, Newport Beach, CA)

6. United States ex rel. Magee v. Science Applications International Corp., D.C. Miss., Civil Action, Deposition (Contact: Julie Carpenter, Jenner & Block, Washington, D.C.

## 2011

7. ManTech International v. Analex Corp., Fairfax County Court, Civil Action, Testimony (Contact: Daniel Westman, Morrison Foerster, McLean, VA)

## 2012

8. AM General LLC v. BAE Systems, Inc., Indiana Superior Court, Civil Action, Deposition (Contact: Danielle Conley, Wilmer Hale, Washington, DC)

# EXHIBIT "C"

## Materials Reviewed

1. A letter from Timothy Brooks to Brian Scher, Corporate Counsel for Jacobs Engineering Group dated November 18, 2011, which provides background information as to the nature of the claim, from Mr. McCollum's perspective.

2. A copy of Mr. McCollum's Complaint filed against Jacobs Engineering Group in the United States District Court for the Southern District of Mississippi in Case No. 5:11-CV-177-DCB-RHW. This document contains information as to the factual background and allegations which Mr. McCollum has asserted against Jacobs.

3. A copy of a Motion to Dismiss and for Summary Judgment as filed by Jacobs Engineering Group in response to Mr. McCollum's Complaint. This document provides some information as to Jacobs' position and contentions in response to Mr. McCollum's allegations.

4. I have been provided with a set of documents that have been labeled with Bates stamped pages SM 0001 - 0306.